UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:26-cv-01593-SSS-BFM | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Brenda Karina Arevalo v. Kristi Noem et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

Before the Court is Petitioner's ex parte Application for a Temporary Restraining Order ("TRO") filed on February 16, 2026 in conjunction with her Petition for Writ of Habeas Corpus.  [Dkt. No. 2, "Application"].  Respondents filed their Response to the TRO on February 20, 2026.  [Dkt. No. 8, "Response"].

Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*.  Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing.  *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Respondents are precluded from relitigating the issue of whether Petitioner, as a member of the Bond Eligible Class in *Bautista*, is entitled to the relief requested in the TRO.  As such, the TRO is **GRANTED**.  [Dkt. No. 2].

The Court **ORDERS** the following:

- Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing[1] before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation; and

- Respondents are to provide the Immigration Judge conducting the individualized bond hearing with a copy of this Order

This Order shall be in effect **until March 6, 2026**. The Court **ORDERS** the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order by **February 28, 2026 at 12:00 P.M.** The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED**.

---

[1] It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.